Richard T. DAVIS; S.R. Halloran; Larry Trenkamp; Samuel H. Beverage; Paul S. Graham; Greg Kreutzans; and Andy Durban, Appellants

v.

Peggy HENSLEY, Co–Administratrix of the Richard Schwartz Estate; and Michelle Swartz, Co–Administratrix of the Richard Swartz Estate, Appellees.

No. 2007–SC–000066–DG.

Supreme Court of Kentucky.

June 19, 2008.

---

Jeffrey C. Shipp, Kohnen & Patton, LLP, Ft. Mitchell, KY, Colleen Marie Blandford, Kohnen & Patton, LLP, Cincinnati OH, for appellant, Richard T. Davis, S.R. Halloran, Larry Trenkamp, Samuel H. Beverage, Paul S. Graham, Greg Kreutzans, and Andy Durban.

Richard H. Deters, Owen W. Serey, Covington, KY, for appellants, S.R. Hallo-ran, Larry Trenkamp, Samuel H. Beverage, Paul S. Graham, Greg Kreutzans, and Andy Durban.

David Allen Barber, Prestonsburg, Paula Gay Richardson, Hughes & Williamson, P.S.C., Owingsville, KY, for appellees, Peggy Hensley(Co–Administratrix of the Richard Swartz Estate) and Michelle Swartz (Co–Administratrix of the Richard Swartz Estate).

Opinion of the Court by Special Justice JAMES D. HARRIS, JR.

The appellants are employees of the Kentucky Transportation Cabinet. The issue asserted is that they are entitled to "exclusive remedy" immunity from liability for the death of Richard Schwartz because the Cabinet would have been liable for workers' compensation benefits had his direct employer not paid them. Although the Boone Circuit Court granted summary judgment in their favor, the Court of Appeals reversed on the ground that KRS 342.0011(16) does not include governmental entities within the definition of a "person." For the reasons set out, we affirm.

The Kentucky Transportation Cabinet entered into a contract with W.L. Harper Company for pavement resurfacing on I–275. The company maintained workers' compensation coverage on its employees, including Richard Schwartz. On April 16, 2003, a tractor-trailer struck and killed Schwartz when the driver lost control of the vehicle in a construction zone. Schwartz's estate received workers' compensation benefits from his employer and filed this civil action, naming the appellants among the defendants. The estate asserted that they failed to perform their statutory duties to investigate all problems relating to road construction and maintenance and that the Transportation Cabinet cannot contract those duties to others.

In affirming the Court of Appeals we are constrained to consider several provisions of our Workers' Compensation Act.

■ KRS 342.610(2)(b) states, in pertinent part, as follows:

A contractor who subcontracts all or any part of a contract and his carrier shall be liable for the payment of compensation to the employees of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured the payment of compensation as provided for in this chapter.... A *person* who contracts with another:

. . . .

(b) To have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession of such *person* shall for the purposes of this section be deemed a contractor, and such other *person* a subcontractor .... (emphasis added).

KRS 342.690(1) states, in pertinent part, as follows:

*If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability* of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. *For purposes of this section, the term "employer" shall include a "contractor" covered by subsection (2) of KRS 342.610,* whether or not the subcontractor has in fact, secured the payment of compensation.... The exemption from liability given an employer by this section shall also extend to such employer's carrier and to all employees, officers or directors of such employer or carrier, provided the exemption from liability given an employee, officer or director, (emphasis added).

■ If an injured worker's direct employer fails to provide workers' compensation coverage, KRS 342.610(2)(b) deems the "up-the-ladder" contractor to be the employer. KRS 342.690(1) then provides the contractor as well as to the contractor's employees, officers, and directors with an exclusive remedy defense to potential tort liability. *General Electric Company v. Cain,* 236 S.W.3d 579 (Ky.2007), explains, however, that the purpose of KRS 342.610(2)(b) is not to shield contractors from tort liability but to assure that both contractors and subcontractors provide workers' compensation coverage to their employees.

KRS 342.690(1) entitles the appellants to an exclusive remedy defense if the Transportation Cabinet is a contractor and would have been liable for workers' compensation benefits had the direct employer not paid them. What the trial court failed to recognize is that KRS 342.610(2)(b) clearly describes a contractor as a "person." For the purposes of Chapter 342, KRS 342.0011(16) defines a "person" as being "any individual, partnership, limited partnership, limited liability company, firm, association, trust, joint venture, corporation, or legal representative thereof." Although the definition may be construed as including certain governmental entities, KRS 342.630 makes it clear that the legislature intended not to include governmental entities within the term "person." KRS 342.630 states as follows:

The following shall constitute employers mandatorily subject to, and required to comply with, the provisions of this chapter:

(1) Any person, other than one engaged solely in agriculture, that has in this state one (1) or more employees subject to this chapter.

(2) The state, any agency thereof, and each county, city of any class, school district, sewer district, drainage district, tax district, public or quasipublic corporation, or any other political subdivision or political entity of the state that has one (1) or more employees subject to this chapter.

KRS 342.630 considers persons and governmental entities to be separate classes of employers subject to Chapter 342. Although KRS 342.630 requires both classes to provide workers' compensation coverage to direct employees, KRS 342.610(2) considers only persons to be contractors. It does not hold a governmental entity liable as the "up-the-ladder" employer.[1] Thus, KRS 342.690(1) does not entitle a governmental entity or its employees to an exclusive remedy defense on that basis.

The decision of the Court of Appeals is affirmed and this matter is remanded to the Boone Circuit Court for further proceedings.

LAMBERT, C.J.; ABRAMSON, CUNNINGHAM, NOBLE and SCOTT, J.J. and Special Justice THOMAS SMITH concur.

MINTON and SCHRODER, JJ., not sitting.

---

1. KRS 342.176.085 and KRS 45A.480 require persons who contract with the state to comply with the Workers' Compensation Act and impose fines on those who fail to do so. Moreover, KRS 342.760 protects the employees of an uninsured employer by placing secondary liability on the Uninsured Employers' Fund.